## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHELLE ROCHE, *individually and as Class Representative*,

    Plaintiff,

v.

AETNA, INC., et al.,

    Defendants.

Civ. No. 1:22-cv-00607-NLH-EAP

**OPINION**

**APPEARANCES**:

CHARLES THOMAS KANNEBECKER
104 W. HIGH STREET
MILFORD, PA 18337

RYAN N. BOLAND
OFFIT KURMAN, P.A.
TEN PENN CENTER
1801 MARKET STREET, SUITE 2300
PHILADELPHIA, PA 19103

   *Attorneys for Plaintiff*

ANTHONY MICHAEL CHRISTINA
LOWEY DANNENBERG, P.C.
One Tower Bridge
100 Front Street, Suite 520
WEST CONSHOHOCKEN, PA 19428

URIEL RABINOVITZ
PETER D. ST. PHILLIP, JR.
LOWEY DANNENBERG, PC
44 SOUTH BROADWAY, SUITE 1100
WHITE PLAINS, NY 10601

   *Attorneys for Defendants*

**HILLMAN**, **District Judge**

    Before the Court is Aetna, Inc., Aetna Health, Inc. (a NJ Corp.), Aetna Health Insurance Company, Aetna Life Insurance Company, and the Rawlings Company, LLC's Motion to Dismiss.  For the reasons expressed below, this case will be stayed during the pendency of the appeal in the New Jersey Superior Court, Appellate Division, and the Motion to Dismiss will be administratively terminated.

### I.    BACKGROUND

    On January 19, 2007, Plaintiff Michelle Roche was in a motor vehicle accident.  (ECF 1-1 at ¶ 13).  Plaintiff sustained series injuries from the accident for which she received medical treatment.  (Id.).  Related to these injuries, she received medical benefits under her School Employees Health Benefit Program health insurance policy, which is administered by Aetna Life Insurance Company.  (Id. at ¶ 14).  Plaintiff received $86,601.72 in benefits.  (Id.).  In addition, Plaintiff sued the other driver in the accident in Pennsylvania state court and received an award of damages.  (Id. at ¶ 15).  Defendant the Rawlings Company, LLC ("Rawlings") provides healthcare subrogation services.  (Id. at ¶ 11).  Acting as an agent for Aetna, Rawlings asserted a lien, subrogation claim, and demand for reimbursement against Plaintiff's personal injury recovery.  (Id. at ¶ 16).  Plaintiff paid $86,601.72 to Defendants in

2

response to the demand. (Id. at ¶ 17). However, Plaintiff now disputes this repayment, alleging that it is unlawful. (Id. at ¶ 18).

Plaintiff first sought relief in 2013 in an action filed in the Superior Court of New Jersey, which was removed to this Court. Roche v. Aetna, Inc., 165 F. Supp. 3d 180, 182-83 (D.N.J. 2016), aff'd, 681 F. App'x 117 (3d Cir. 2017). On February 19, 2016, this Court dismissed the action without prejudice for failure to exhaust administrative remedies. Id. at 190. On March 9, 2017, the Third Circuit affirmed. Roche v. Aetna, Inc., 681 F. App'x 117, 126 (3d Cir. 2017).

Following the dismissal, Plaintiff engaged in an administrative process. (ECF 1-1 at ¶ 20). Plaintiff did not set out the particulars in her complaint. That said, official records demonstrate that the New Jersey School Employees' Health Benefits Commission issued a final determination on July 26, 2021. Plaintiff appealed the final determination to the New Jersey Superior Court, Appellate Division. Roche v. Aetna, Inc., et al., A-000076-21 (N.J. Super. Ct. App. Div.). As of the filing of the Motion to Dismiss, Defendants represent that this appeal was still pending. (ECF 12 at 8). Review of the New Jersey Superior Court docket reflects that the appeal presently remains pending.

3

On January 5, 2022, Plaintiff filed the instant complaint in the Superior Court of New Jersey at docket number MID-L-000061-22. (ECF 1-1). In her complaint, Plaintiff alleges that she "has exhausted all applicable administrative appeal requirements prior to filing of this suit." (Id. at ¶ 20).

In her complaint, Plaintiff asserts the following counts on behalf of Plaintiff against Aetna: (1) Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10 (Count I), (2) Breach of Contract (Count II), (3) Breach of Duty of Good Faith and Fair Dealing (Count III), (4) Violation of New Jersey Consumer Fraud Act (Count IV), (5) Breach of Fiduciary Duty as set out in Restatement (Second) of Torts § 874 (Count V), (6) "Directing or Permitting Conduct of Another" as set out in the Restatement (Second) of Torts § 877 (Count VI), (7) bad faith (Count VII), (8) "Acting in Concert" as set out in the Restatement (Second) of Torts § 876 (Count VIII), (9) Intentional Misrepresentation (Count IX), (10) Conversion (Count X), (11) Theft by Deception in violation of N.J.S.A. 2C:20-4 (Count XI), and (12) Unjust Enrichment (Count XII).

She also alleges the following Counts on behalf of Plaintiff against Rawlings: (1) Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10 (Count XIII), (2) "Acting in Concert" as set out in the Restatement (Second) of Torts § 876 (Count XIV), (3) Unjust Enrichment (Count XV), (4) Intentional

4

Misrepresentation (Count XVI), (5) Conversion (Count XVII), and (6) Theft by Deception in violation of N.J.S.A. 2C:20-4 (Count XVIII).

Finally, she raises counts on behalf of "Other Similarly Situated Individuals." These include the following against Aetna: (1) Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10 (Count XIX), (2) Breach of Contract (Count XX), (3) Breach of Duty of Good Faith and Fair Dealing (Count XXI), (4) Intentional Misrepresentation (Count XXII), (4) Conversion (Count XXIII), (5) Violation of New Jersey Consumer Fraud Act (Count XXIV), (6) Violation of Fiduciary Duty as set out in Restatement (Second) of Torts § 874 (Count XXV), (7) "Directing or Permitting Conduct of Another" as set out in the Restatement (Second) of Torts § 877 (Count XXVI), (8) Bad Faith (Count XXVII), (9) Theft by Deception in violation of N.J.S.A. 2C:20-4 (Count XXVIII), and (10) Unjust Enrichment (Count XIX). These also include following against Rawlings: (1) Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10 (Count XIX), and (2) "Acting in Concert" as set out in the Restatement (Second) of Torts § 876 (Count XXX).

On February 4, 2022, Defendants removed the action to this Court. (ECF 1). On March 14, 2022, Defendants filed a Motion to Dismiss (ECF 12), supporting declaration (ECF 13), and request for judicial notice (ECF 14). Plaintiff filed her

5

response on Mary 2, 2022. (ECF 20). On May 19, 2022, Defendants filed their reply (ECF 23) and additional supporting declarations (ECF 24, 25).

## I. DISCUSSION

### A. Subject Matter Jurisdiction

This action was removed pursuant to the Class Action Fairness Act ("CAFA"). As set out above, Roche's complaint includes counts brought as a representative of a putative class on issues of New Jersey law. "CAFA provides federal courts with jurisdiction over civil class actions if [1] the 'matter in controversy exceeds the sum or value of $5,000,000,' [2] the aggregate number of proposed class members is 100 or more, and [3] any class member is a citizen of a state different from any defendant." Vodenichar v. Halcon Energy Props., Inc., 733 F.3d 497, 503 (3d Cir.2013) (citing 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B)).

Each requirement is satisfied here. Roche pleads that the class is "so numerous as to render joinder of all members impracticable." (ECF 1-1 at ¶ 24). She does not specifically allege an estimation of how many members this could include; however, Plaintiff's initial complaint filed in this Court alleged that Aetna insured over 100,000 individuals in New Jersey, with reimbursement or subrogation claims related to "hundreds of members." (ECF 1 at ¶ 37). Defendants further

6

aver that the putative class would consist of citizens of other states who receive benefits under New Jersey governmental plans. (ECF at ¶ 38). Minimal diversity also exists as Roche is a New Jersey citizen, and at least Defendant Aetna Inc. is a Pennsylvania corporation with its principal place of business in Hartford, Connecticut. (ECF 1 at ¶ 40; ECF 1-1 at ¶ 6). Finally, the amount in controversy is likely in excess $5 million based on past, present, and potential future actions by Rawlings in seeking subrogation under New Jersey governmental health insurance plans administered by Aetna. (ECF 1 at ¶¶ 41-44.)

Accordingly, this Court will exercise jurisdiction over the class action claims pursuant to 28 U.S.C. § 1332(d) and exercise supplemental jurisdiction over additional state law claims of Roche personally pursuant to 28 U.S.C. § 1367.

### B. Request for Judicial Notice

In support of their motion to dismiss, Defendants request that this Court take judicial notice of certain facts and records. (ECF 12 at 18; ECF 14). Specifically, Defendants ask this Court to take judicial notice of various filings in Plaintiff's prior actions in state court and in this court, a final administrative determination, and docket sheets related to previous and currently pending actions brought by Plaintiff related to the present matter. (ECF 14 at 4-5). Defendants

7

aver that a court may take judicial notice of prior case records, records and filings in other court proceedings including state courts, prior judicial opinions, administrative determinations, and docket entries in a case. (Id. at 3). With respect to docket entries, they argue that the court may take judicial notice of docket entries in order to determine the "status of case events." (Id. (citations omitted)).

Plaintiff responds that a court may take judicial notice of another court's opinion "not for the truth of the facts recited therein, but for the existence of the opinion." (ECF 20-2 at 10 (citation omitted)).

Judicial notice is appropriate when deciding a motion to dismiss because "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f). A court may take judicial notice of "a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). On a motion to dismiss this Court may consider matters of public record. Wishnia v. U.S. Bank N.A., No. 20-7898, 2021 WL 912746, at *3 n.7, 2021 U.S. Dist. LEXIS 44736, at *9 n.7 (D.N.J. Mar. 10, 2021) (citing In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Oshiver v. Levin,

8

Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Overseas Lease Grp. v. Plocher Constr. Co., 800 Fed. App'x 79, 81 n.7 (3d Cir. 2020)).

Even in a Rule 12(b)(6) posture, where the Court is limited to the allegations plead on the face of the complaint, a court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007) (noting courts "ordinarily examine ... matters of which [they] may take judicial notice" when ruling on Rule 12(b)(6) motions to dismiss); Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999) (holding that a court may consider "matters of public record" on a motion to dismiss without converting the motion to one for summary judgment).

The state court filings are matters of public record, and as such this Court may take judicial notice of them.  Radcliff v. Radcliff, No. 20-3669, 2020 WL 7090687, at *4, 2020 U.S. Dist. LEXIS 227885, at *11 (D.N.J. Dec. 4, 2020).  This includes "the record from a previous court proceeding between the parties."  Jonas v. Gold, No. 13-2949, 2014 WL 4854484, at 6, 2014 U.S. Dist. LEXIS 138472, at *17 (D.N.J. Sept. 30, 2014) (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848

9

F.2d 414, 416 n.3 (3d Cir. 1988)); see also Holmes v. Christie, No. 16-1434, 2018 WL 6522922, at *1 n.1, 2018 U.S. Dist. LEXIS 209162, at *2 n.1 (D.N.J. Dec. 12, 2018) (quoting Johnson v. Pugh, No. 11-0385, 2013 WL 3013661, at *2, 2013 U.S. Dist. LEXIS 85699, at *6 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudication, on a motion to pursuant to Rule 12(b)(6).")); Unitrin Auto & Home Ins. Co. v. Clayton Corp., No. 15-02079, 2016 WL 8199315, at *1 n.1, 2016 U.S. Dist. LEXIS 193420, at *1 n.1 (M.D. Pa. Apr. 20, 2016)(citing O'Boyle v. Braverman, 337 Fed. App'x 162, 164-65 (3d Cir. 2009); Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) ("This Court, however, may consider the state court case, despite being 'outside the pleadings,' without triggering the requirement of Rule 12(d). As a public record, whose authenticity is not in dispute, we may take judicial notice of the state court complaint.")).

The Court may also take judicial notice of the existence of another court's opinion. See Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). The Court may take judicial notice of the Commission's final determination, as "it is proper for this Court to take judicial notice of decisions of an administrative agency." Furnari v. Warden, Allenwood Fed. Corr. Inst., 218

10

F.3d 250, 255 (3d Cir. 2000). Finally, the Court may take judicial notice of court dockets and docket entries. <u>Lane v. Div. of Child Prot. & Permanency</u>, No. CV 22-4238, 2023 WL 22426, at *1 (D.N.J. Jan. 3, 2023).

While the Court may take judicial notice of each of these records, use of the records is limited. When a court takes judicial notice of a document, it "may only be considered for the limited purpose of showing that a particular statement was made by a particular person," and "not for the truth of the matters purportedly contained within those documents." <u>Oran v. Stafford</u>, 226 F.3d 275, 289 (3d Cir. 2000) (<u>quoting</u> <u>Kramer v. Time Warner</u>, 937 F.2d 767, 774 (2d Cir. 1991)). If a court were to consider and judicially notice documents for their truth it would be, in essence, authorizing a trial by public documents, impermissibly expanding the scope of a Rule 12(b)(6) motion. <u>In Re Viropharma, Inc.</u>, 2003 WL 1824914 at *1 (E.D. Pa. 2003).

### C. **Pendency of Administrative Appeal**

Defendants assert that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. They explain that the complaint does not include facts demonstrating completion of the administrative process, and that an appeal of the administrative process is presently pending. (ECF 12 at 39). Plaintiff does not dispute that there is an appeal pending; however, Plaintiff urges that she only needs to exhaust

11

administrative remedies before pursing judicial remedies, and as such the judicial appeal of the SEHBC's determination pending in the New Jersey Superior Court, Appellate Division does not need to be complete before Plaintiff may file suit in the courts. (ECF 20-2 at 42).

Further, Plaintiff argues that the question of her failure to exhaust administrative remedies is not appropriate at the motion to dismiss stage because it "involves a factual issue." (Id. at 42). Plaintiff argues that a contract between SEHBC and Aetna demonstrates that Plaintiff was never required to exhaust administrative benefits. (Id. at 43). Finally, Plaintiff argues that she was not obligated to appeal the Commission's final determination, and "even if Roche prevails, it still does not give her the relief she seeks as a class representative, the relief against all Defendants, or additional damages beyond the return of the subrogated $86,601.72 for Defendants' wrongful conduct." (Id.). Plaintiff advises that even if she "prevails on the appeal of the FAD and establishes the appeal was timely, it just means that Roche has to go back through the administrative process on the merits, for an inevitable appeal to the Appellate Division of the SEHBC's decision on the merits." (Id.).

Defendants respond that Plaintiff "cannot continue to pursue her Appellate Division appeal while simultaneously

pursing this case." (ECF 23 at 16). Defendants note that "[i]t is a waste of judicial resources and an inappropriate hedge designed to lead to inconsistent rulings." (Id. at 16).

The pendency of Plaintiff's appeal in the Superior Court of New Jersey, Appellate Division raises a question of abstention. See Roche v. Aetna, Inc., et al., A-000076-21 (N.J. Super. Ct. App. Div.). In general, "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" Sprint Commc'ns., Inc. v. Jacobs, 571 U.S. 69, 77 (2013) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). However, under the Colorado River abstention doctrine, Federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colo. River Water Conservation Dist., 424 U.S. at 813 (citation omitted).

Under Colorado River, abstention may be proper out of respect for "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. at 817 (citation omitted). In finding that Colorado River abstention applies, the Federal Court may dismiss the case before it or may stay the matter for a limited period of time. Spellman v. Express Dynamics, LLC, 150 F. Supp. 3d 378, 392 (D.N.J. 2015).

13

A threshold issue that must be decided in any Colorado River abstention case is whether the two actions are 'parallel.'" Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir.1997). "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006) (citations and quotations omitted). Substantial, rather than complete, identify of parties is sufficient. Id. The Court must also consider: (1) which court first assumed jurisdiction over a relevant *res*, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997).

Plaintiff raises claims before this Court related to conduct that is also the subject of a pending appeal in the New Jersey Superior Court, Appellate Division. The pending appeal in state court involves the same parties. Plaintiff here, Michelle Roche, is also the plaintiff in the pending state court appeal. Identical to this proceeding, in the state court proceeding Michelle Roche is listed on the docket as plaintiff in her individual capacity and as class representative. Roche

14

v. Aetna, Inc., et al., A-000076-21 (N.J. Super. Ct. App. Div.). Although the instant federal action adds Defendant Rawlings,[1] the state court proceeding lists Aetna, Inc., Aetna Health, Inc., Aetna Insurance Co., and Aetna Life Insurance Co. as defendants. Id. Thus, as the state court proceeding includes both the same plaintiff and defendants as this action, it involves the same parties as required for Colorado River abstention. See IFC Interconsult, AG, 438 F.3d at 306.

The matter in the New Jersey Superior Court, Appellate Division also implicates the same allegations and issues. (ECF 1-4).[2] First, we note this Court previously dismissed Plaintiff's complaint arising from the same facts for failure to exhaust administrative remedies. Roche v. Aetna, Inc., 165 F. Supp. 3d 180, 190 (D.N.J. 2016), aff'd Roche v. Aetna, Inc., 681 F. App'x 117, 125-26 (3d Cir. 2017). This is a core issue in this litigation. While the parties dispute whether Plaintiff has successfully exhausted her administrative remedies at this time, it is undisputed and a matter of public record that

---

[1] Although Rawlings is not a named defendant in the state court matter, we note that its role in the allegations is discussed throughout the Final Administrative Determination. (ECF 1-4 at 3-4).

[2] As discussed above, although we may not take judicial notice of facts in administrative determinations for their truth, we may take notice of the existence of the litigation and the fact that certain arguments are raised.

15

Plaintiff's currently pending appeal is an appeal of the final determination by the New Jersey School Employees' Health Benefits Commission. It is also apparent from the record that the timeliness of Plaintiff's administrative appeal is the subject of the pending appeal in the New Jersey Superior Court, Appellate Division. Thus, the issues before the state court are directly related to the claims before this Court. Because the parties and issues are the same, the matters are parallel as required for Colorado River abstention.

    The additional factors that Courts consider in determining whether to abstain under Colorado River also weigh in favor of abstention. First, permitting the state court appeals process to conclude prior to this Court acting upon the claims before it will avoid piecemeal litigation. Plaintiff admits that if she is successful with her appeal she will have go to back through the administrative process. Therefore, were this Court to proceed in addressing Plaintiff's claims, there is risk of duplicative or even incongruent adjudication of the same issues. Second, the appeal in the state court appellate division was taken prior to Plaintiff's filing the instant matter, as such the New Jersey Superior Court, Appellate Division first obtained jurisdiction over the matter. The appeal was filed on September 8, 2021 and the new action was filed on January 5, 2022. Third, state law applies to all of Plaintiff's claims and New Jersey

16

has a specific interest in its own insurance laws.  See Motor Club of Am. v. Weatherford, 841 F. Supp. 610, 624 (D.N.J. 1994). Finally, the state action is sufficient to protect the Plaintiff's rights with respect to the aspects of this case before the state appellate court and moreover this factor is muted by the fact that this Court will not dismiss the present matter, but will instead issue a stay.

Because this Court appreciates that there is an additional defendant in the action here, and based on Plaintiff's representation that the state court proceeding may not resolve the entirety of her claims here, this Court utilizes its discretion to stay rather than dismiss this case.  Thus, this Court will stay Plaintiff's case before this Court during the pendency of the appeal in the New Jersey Superior Court, Appellate Division.

## II.  CONCLUSION

For the reasons expressed above, Defendants' Motion to Dismiss the complaint will be administratively terminated during the pendency of the appeal in the New Jersey Superior Court, Appellate Division.  Plaintiff will be instructed to advise the Court when the appeal proceedings are complete, at which time Defendant will have an opportunity to respond to Plaintiff's complaint by motion or answer.  At this time, Defendant's motion to dismiss will be administrative terminated without prejudice

17

to Defendant raising any of the arguments therein in a future filing.

An appropriate order will be entered.


Date: April 30, 2023                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.