**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHELLE ROCHE, individually and as class representative,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AETNA INC., *et al.*,**<br><br>**Defendants.** | **Case No. 22–cv–00607–ESK–EAP**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

This insurance subrogation dispute comes before me on defendants'[1] third attempt to dismiss certain claims. Because plaintiff Michelle Roche sufficiently pleads her claims, and defendants could have made some of their arguments in prior motions, their partial motion to dismiss and strike (Motion) (ECF No. 82; *see* ECF No. 83 (Mov. Br.)) the second amended complaint (ECF No. 81 (Second Am. Compl.)) will be DENIED.

## I. BACKGROUND

I incorporate by reference the factual overview I provided in the opinion (Opinion) granting in part and denying in part defendants' motion to dismiss the amended complaint. *See Roche v. Aetna Inc.*, No. 22–00607, 2025 WL 3275076, *1–2 (D.N.J. Nov. 24, 2025). To cure the deficiencies addressed in the Opinion, Roche filed a second amended complaint on December 21, 2026. (Second Am. Compl.) The second amended complaint raises the following claims against Aetna: breach of contract (count I); breach of the duty of good

[1] Defendants consist of Aetna Inc., Aetna Health Inc., Aetna Health Insurance Company, Aetna Life Insurance Company (collectively, Aetna), and the Rawlings Company LLC (Rawlings).

faith and fair dealing (count II); violation of the New Jersey Consumer Fraud Act (CFA) (count III); violation of fiduciary duty as set out in the Restatement (Second) of Torts (Restatement) §874 (count IV); "directing or permitting conduct of another" as set out in the Restatement §877 (count V); bad faith (count VI); "acting in concert" as set out in the Restatement §876 (count VII); intentional misrepresentation (count VIII); conversion (count IX); and unjust enrichment (count X). The following claims are raised against Rawlings: "acting in concert" as set out in the Restatement §876 (count XI); unjust enrichment (count XII); intentional misrepresentation (count XIII); and conversion (count XIV).

The second amended complaint also asserts putative class claims on behalf of "other similarly situated individuals" against Aetna for: breach of contract (count XV); breach of the duty of good faith and fair dealing (count XVI); intentional misrepresentation (count XVII); conversion (count XVIII); violation of the CFA (count XIX); violation of fiduciary duty as set out in the Restatement §874 (count XX); "directing or permitting conduct of another" as set out in the Restatement §877 (count XXI); bad faith (count XXII); and unjust enrichment (count XXIII). Putative class claims are asserted against Rawlings for "acting in concert" as set out in the Restatement §876 (count XXIV).

Pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) and Rule 12(f), defendants filed the Motion on January 30, 2026. (*See* Mov. Br.) Roche filed on March 2, 2026 a brief in opposition to the Motion (ECF No. 86–1 (Opp'n Br.)), to which defendants filed a reply on March 16, 2026 (ECF No. 89 (Reply Br.)).

## II. LEGAL STANDARD

### A. <u>Motion to Dismiss</u>

When considering a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, courts must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.

*Makky v. Chertoff*, 489 F. Supp. 2d 421, 429 (D.N.J. 2007). A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, a court must take three steps. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

### B. Motion to Strike

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have "considerable discretion" in deciding a Rule 12(f) motion, but should use that discretion "only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23." *McPeak v. S-L Distribution Co., Inc.*, No. 12–348, 2014 WL 4388562, at *3, 4 (D.N.J. Sept. 5, 2014); *see also Abante Rooter & Plumbing, Inc. v. Creditors Relief, LLC*, No. 20–3272, 2020 WL 9397554, at *4 (D.N.J. Dec. 10,

2020), *report and recommendation adopted*, 2021 WL 1688679 (D.N.J. Jan. 11, 2021).

"Motions to strike class allegations from a pleading are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014). It is the "generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant." 5C *Wright & Miller's Federal Practice & Procedure* §1382 (3d ed. 2014) (*Wright & Miller*); *see Great Rock Golf 2006, LLC v. Town of Riverhead*, No. 12–3585, 2013 WL 3788606, at *8 (E.D.N.Y. July 18, 2013) (denying without prejudice motion to strike when defendants fail to demonstrate undue prejudice to them in allowing challenged paragraphs in the complaint to remain).

## III. DISCUSSION

Defendants pave two paths of relief. First, they seek to dismiss counts V, VII, X, XI, XXI, XXIII, and XXIV of the second amended complaint for failure to state a claim under Rule 12(b)(6). (Mov. Br. pp. 9–16.) Second, they move pursuant to Rule 12(f) to strike the proposed class definition and counts XV through XXIV as redundant. (*Id.* pp. 16–22.)

### A. Rule 12(g)(2)

As a threshold matter, Roche argues that many of defendants' arguments are barred by Rule 12(g)(2) because defendants had the opportunity to raise them earlier. (Opp'n Br. pp. 12, 13, 29, 30.) Roche does not indicate which of defendants' failure to state a claim arguments this applies to, but she notes that defendants cannot argue that the class definition should be stricken because defendants "failed to raise [this] in their prior two motions to dismiss" despite it being available to them. (*Id.* p. 29.) Defendants counter that the Motion

"raises defenses/arguments specifically to address what the Court specified were deficiencies in Roche's pleading." (Reply Br. pp. 6–7.)

Rule 12(g)(2) provides—with few exceptions not applicable here—that a party "must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(g)(2) is a "consolidation rule" that "is intended 'to eliminate unnecessary delay at the pleading stage' by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense' simultaneously rather than 'interposing these defenses and objections in piecemeal fashion.'" *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d. Cir. 2015) (quoting 5C *Wright & Miller* § 1384); *see also Jackson v. Paterson Police Dep't*, No. 24–10215, 2026 WL 1391205, at *4 (D.N.J. May 19, 2026). "Rule 12(g)(2) requires the Court to entertain only those arguments made by [d]efendants that were not previously available to them." *Omodunbi v. Gordin & Berger, P.C.*, No. 17–7553, 2021 WL 5277203, at *2 (D.N.J. Nov. 12, 2021)).

As to the class definition, Roche notes that all three iterations of the complaint contain the same class definition. (Opp'n Br. p. 29.) In other words, Roche argues that defendant had the opportunity to move to strike the definition in response to prior complaints. (*Id.*) Defendants do not dispute this characterization. (*See generally* Reply Br. pp. 6–7.) Thus, the class definition will not be stricken. *See Omodunbi*, 2021 WL 5277203, at *2.

As to defendants' other arguments, I find that the Motion is not barred. Defendants seek to dismiss certain claims that Roche revised in response to the Opinion. Because these claims are new formulations, defendants are not raising arguments previously available to them. Since a district court's consideration of a successive Rule 12(b)(6) motion to dismiss "is usually

harmless," I will address defendants' Rule 12(b)(6) arguments. *Leyse*, 804 F.3d at 321.

**B. <u>The Class Claims Will Remain</u>**

Defendants seek to strike counts XV through XXIV as redundant. (Mov. Br. pp. 16–19.) Although I agree with defendants that these class counts may be duplicative of individual counts with identical allegations, defendants have failed to address how including these claims would prejudice them. *See Great Rock Golf 2006, LLC*, 2013 WL 3788606, at *8. Accordingly, defendants' motion to strike counts XV through XXIV will be denied.

**C. <u>Substantive Claims</u>**

Roche asserts the same claims individually and on behalf of a putative class. As noted in the Opinion, I find no need to analyze the class-claims differently at the pre-certification stage. *See Roche*, 2025 WL 3275076, at * 6.

**1. <u>Directing or Permitting Conduct of Another, Restatement §877 (Counts V and XXI)</u>**

Section 877(a) of the Restatement states: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he orders or induces the conduct, if he knows or should know of circumstances that would make the conduct tortious if it were his own."

Here, Roche alleges that Aetna knew or should have known that New Jersey prohibited liens, subrogation claims, and reimbursement demands by health insurers and, with that knowledge, "retained, hired, authorized, induced and allowed Rawlings to assert" such demands on Aetna's behalf. (Second Am. Compl. ¶¶ 99, 100.) In the amended complaint, Roche's claims failed for having asserted that Rawlings acted as Aetna's agent without alleging facts showing *how* Aetna ordered or induced Rawlings to act. *See Roche*, 2025 WL

3275076, at *10. This deficiency was corrected in the second amended complaint.

Roche now alleges that Aetna and Rawlings had a contract whereby Rawlings would assert liens, subrogation claims, and/or repayment demands on Aetna's behalf in exchange for a percentage of the recoveries. (Second Am. Compl. ¶¶ 101–103.) She also pleads that Aetna gave Rawlings access to its databases so Rawlings could identify potential targets for subrogation claims. (*Id.* ¶ 104.) These allegations go beyond the simple recitation of the elements from the amended complaint and plausibly allege how Aetna ordered or induced Rawlings to act. Accordingly, the Motion will be denied as to counts V and XXI.

### 2. <u>Acting in Concert, Restatement §876 (Counts VII, XI, and XXIV)</u>

"The New Jersey Supreme Court has interpreted 'aid' and 'abet' consistently with the Restatement … [§] 876(b))." *Guarneri v. Buckeye Pipe Line Servs. Co.*, 205 F. Supp. 3d 606, 618 (D.N.J. 2016). Under that standard, a party is liable as an aider or abettor if a plaintiff can show that "(1) the party whom the defendant aids perform[s] a wrongful act that causes an injury; (2) the defendant [is] generally aware of his role as part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant knowingly and substantially assist[s] the principal violation." *Id.* (alterations in original) (quoting *Tarr v. Ciasulli*, 853 A.2d 921, 929 (N.J. 2004)).

Counts VII, XI, and XXIV are nearly identical to counts V and XXI. Since the Motion will be denied as to counts V and XXI, the Motion will also be denied as to these counts for the same reason. *See supra* pp. 6, 7.

### 3. Unjust Enrichment (Counts X and XXIII)

Under New Jersey law, to state a claim for unjust enrichment "a plaintiff must show both that [the] defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). Unjust enrichment is a quasi-contract theory of recovery, so when there is an express contract, there is no basis for imposing quasi-contract relief. *See Garcia v. Prudential Life Ins. Co. of Am.*, 08–5756, 2009 WL 5206016, at *13 (D.N.J. Dec. 29, 2009). In the Opinion, I permitted Roche's unjust enrichment claims to proceed. *Roche*, 2025 WL 3275076, at * 11. But I noted that "these counts will fall away if there was an express contract," and "[u]pon determining the payee—Aetna or Rawlings—the unjust enrichment claim as to the non-payee will likely fall away." *Id.* This assumed that either Aetna or Rawlings received all of the proceeds, not that they split the proceeds. *Id.*

No dispute exists that the second amended complaint does not expressly identify the payee but does allege that Aetna and Rawlings split the proceeds of their liens, subrogation claims, and/or repayment demands pursuant to a contract between Aetna and Rawlings. (Second Am. Compl. ¶¶ 101–103.) Yet, defendants argue that because Rawlings was the payee, the unjust enrichment claims against Aetna should be dismissed. (Mov. Br. pp. 11–12 (citing prior case records); Reply Br. pp. 10–11.)

In *Thomas v. TransCore, LP*, No. 21–1040, 2024 WL 4820782, at *4 (M.D. Pa. Nov. 18, 2024), the plaintiff's unjust enrichment claims were found to be deficient when the plaintiff alleged that TransCore and the Pennsylvania Turnpike Commission split the proceeds from unauthorized toll fees. Defendants try to equate *Thomas* to this situation, but their reliance on this case is misplaced. (*See* Reply Br. p. 11.) The *Thomas* court reached its conclusion because the plaintiff only alleged how TransCore spent the money

rather than "allege that TransCore itself retained the monies collected." *Thomas*, 2024 WL 4820782, at *4. In other words, the court did not conclude that unjust enrichment claims could never apply to multiple defendants who had a fee-sharing agreement. *See id.*

Here, the unjust enrichment claims allege that Aetna and Rawlings benefited at Roche's expense "[a]s a result of the wrongful collection of monies by [d]efendants." (Second Am. Compl. ¶¶ 156–158, 180, 181.) Such allegations do not warrant dismissal. Thus, the Motion will be denied as to counts X and XXIII.

## IV. CONCLUSION

The Motion is DENIED. An order will follow.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Date: September 30, 2026